Marc S. Dreier (MD-9713)
Joel A. Chernov (JC-8789)
Regina M. Alter (RA-7014)
DREIER LLP
499 Park Avenue
New York, New York 10022
(212) 328-6100

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

| | | |
|---|---|---|
| ZYLBERBERG FEIN LLC, | : | 07 Civ. 11496 (TPG) |
| | : | |
| Plaintiff, | : | **STATEMENT OF MATERIAL** |
| | : | **FACTS PURSUANT TO** |
| -against- | : | **LOCAL RULE 56.1** |
| | : | |
| THE REPUBLIC OF ARGENTINA, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

------------------------------------------------------------------------ x

Pursuant to Local Rule 56.1, Plaintiff Zylberberg Fein LLC ("Plaintiff") submits the following Statement of Material Facts as to which there is no genuine issue to be tried:

1.    Plaintiff acquired certain bonds issued by defendant the Republic of Argentina ("Argentina") (the "Bonds") and continues to own them. *See* the accompanying the declaration of Plaintiff's legal representative, Paolo Francesco Calmetta, dated March 31, 2008, 2007 (the "Calmetta Declaration"), with an annexed exhibit. This declaration and the accompanying exhibit establish the following:

- Plaintiff's current ownership of Bonds issued by Argentina pursuant to a Fiscal Agency Agreement, dated as of October 19, 1994 (the "1994 FAA") in the aggregated principal amounts of (i) $400,000 having the ISIN No. US040114AN02 and CUSIP No. 040114AN0; (ii) $200,000 having the ISIN No.US040114AR16 and CUSIP No. 040114AR1; (iii) $115,000 having the ISIN No.

{00350622.DOC;}

US040114AZ32 and CUSIP No. 040114AZ3; and (iv) $3,560,000 having the ISIN No. US040114FC91 and CUSIP No. 040114FC9.

- Plaintiff's current ownership of Bonds issued by Argentina pursuant to a Fiscal Agency Agreement, dated December 10, 1993 (the "1993 FAA") in the aggregated principal amount of $2,110,000 having the ISIN No. US040114AH34 and CUSIP No. 040114AH3.

## A.     The Bonds

2.     Argentina issued the Bonds pursuant to two different agreements: (i) the 1993 FAA; and (ii) the 1994 FAA, among others.[1]

3.     In each of those documents, Argentina expressly agreed (i) to submit to the jurisdiction of this Court; (ii) that service of process could be made on it by serving its agent, Banco de la Nacion Argentina, here in New York City; (iii) to waive any claim of sovereign immunity; and (iv) that each of the agreements and the bonds issued pursuant thereto would be governed by and construed in accordance with the laws of the State of New York.  *See* Compl. Ex. A §§ 22 & 23; Ex. B ¶ 20.

4.     Argentina further agreed that its failure to pay interest when due and/or the declaration of a moratorium on its payment obligations would constitute an event of default, entitling each bondholder to institute a lawsuit.  *See* Compl. Ex. A § 12; Ex. C at pp. 7-8.

5.     Section 12 of the 1994 FAA and the Form of Global Bond annexed to the 1993 FAA further provide that following either of the foregoing events of default, a note holder, *i.e.*, plaintiff herein, may give Argentina written notice and declare the principal amount of such Securities to be due and payable immediately.  *See* Compl. Ex. A § 12; Ex. C at p. 8.

---

1     True and correct copies of the 1994 FAA, the 1993 FAA, and Exhibit 1 thereto are annexed as Exhibits A, B, and C to the Complaint, dated December 20, 2007 (the "Complaint" or "Compl."), respectively.  A true and correct copy of the Complaint is annexed to the accompanying Declaration of Regina M. Alter, dated April 29, 2008 ("Alter Declaration"), as Exhibit 1.

**B.    Argentina's Default On The Bonds**

    6. On December 24, 2001, Argentina defaulted on the Bonds when it declared a moratorium on payments of principal and interest with respect to all of its foreign debt, including all payments due Plaintiff herein. *See Mazoral v. The Republic of Argentina*, No. 04 Civ. 3313 (TPG), Slip Op. at 2 (S.D.N.Y. May 4, 2006) (the "*Mazoral* Decision"); *Moldes v. The Republic of Argentina*, No. 04 Civ. 6137 (TPG), Slip Op. at 2 (S.D.N.Y. May 4, 2006) (the "*Moldes* Decision"); *Prima v. The Republic of Argentina*, No. 04 Civ. 1077 (TPG), Slip Op. at 2 (S.D.N.Y. May 4, 2006) (the "*Prima* Decision"); *Morata v. The Republic of Argentina*, 04 Civ. 3314 (TPG) Slip Op. at 2 (S.D.N.Y. May 9, 2006) (the "*Morata* Decision"); *Sauco v. The Republic of Argentina*, 05 Civ. 3955 (TPG) Slip Op. at 2 (S.D.N.Y. May 15, 2006) (the "*Sauco* Decision"); *Lightwater Corp. Ltd. v. The Republic of Argentina,* No.02 Civ 3804, 02 Civ. 3808, 02 Civ. 5932 (TPG), 2003 WL 1878420, at *2 (S.D.N.Y. Apr. 14, 2003) (the "*Lightwater* Decision"); *EM Ltd. v. The Republic of Argentina*, No. 03 Civ. 2507 (TPG), 2003 WL 22120745, at *2 (S.D.N.Y. Sept. 12, 2003) (the "*EM Ltd.* Decision").

    7. Since declaring the moratorium, Argentina has further defaulted by failing to make any payment of interest or principal on any of its foreign debt, including the Bonds here at issue.

    8. In fact, Argentina concedes that "since December 2001 it has not paid interest or principal" in connection with bonds issued pursuant to the 1994 FAA. *See* defendant's Answer, dated February 25, 2008 ("Answer" or "Ans.") (a true and correct copy of which is annexed to the Alter Declaration as Exhibit 2) at ¶¶ 14 and 23.

9.    This Court has already determined that Argentina's obligation to pay these amounts is unconditional, and that Argentina's failure to do so constitutes events of default. *See Mazoral* Decision at 2 (finding that the Court has jurisdiction and that plaintiffs have unconditional legal right to collect the unpaid interest and to accelerate on bonds issued under the 1993 FAA and 1994 FAA, among others); *Moldes* Decision at 2 (finding that the Court has jurisdiction and that plaintiffs have unconditional legal right to collect the unpaid interest and to accelerate on bonds issued under the 1994 FAA, among others); *Prima* Decision at 2 (finding that the Court has jurisdiction and that plaintiffs have unconditional legal right to collect the unpaid interest and to accelerate on bonds issued under the 1993 FAA and 1994 FAA, among others); *Mazzini* Decision *3 (finding that the Court has jurisdiction and that plaintiffs have unconditional legal right to collect the unpaid interest and to accelerate on bonds issued under the 1993 FAA and 1994 FAA, among others); *Lightwater* Decision at *4 (finding Argentina's obligation unconditional after it had defaulted and bondholder plaintiffs had accelerated obligations on bonds). *See also EM Ltd.* Decision at *2 (finding "nothing in the record to distinguish this case as to EM Ltd.'s unconditional legal right to collect on the bonds").

10.    By reason of Argentina's default, and in accordance with Section 12 of the 1994 FAA and page 8 of the 1993 Global Bond Form, by letters dated December 19 and December 20, 2007, Plaintiff provided Argentina with written notice that it was declaring the principal and interest on the Bonds issued pursuant to the 1993 FAA and the 1994 FAA to be due and payable. *See* Compl. at ¶¶ 13 and 22.

Dated: New York, New York
April 29, 2008

DREIER LLP

By: _____
    Marc S. Dreier (MD-9713)
    Joel A. Chernov (JC-8789)
    Regina M. Alter (RA-7014)

499 Park Avenue
New York, New York 10022
(212) 328-6100

*Attorneys for Plaintiff*